IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STAFFORD S. MAXWELL | Criminal Indictment<br><br>No. 1:15-CR-0089 |

### UNITED STATES' MOTION TO COMPEL A VOICE EXEMPLAR

The United States of America, by John A. Horn, Acting United States Attorney for the Northern District of Georgia, and Jeffrey W. Davis, Assistant United States Attorney, requests that this Court order defendant Stafford S. Maxwell to provide a voice exemplar to the Federal Bureau of Investigation.

In support of its motion, the United States submits as follows:

1. On March 17, 2015, a grand jury in the Northern District of Georgia returned a 10-count Indictment against Maxwell for conspiratorial and substantive wire fraud. (Doc. 1).

2. On April 3, 2015, the FBI arrested Maxwell based on a warrant from the Northern District of Georgia. (*See* Doc. 3).

3. Pursuant to an investigation by the United States Secret Service, an Alabama federal court authorized agents to wiretap certain telephone communications. In those calls, the FBI believes that Maxwell was intercepted. As a result, the United States requests that Maxwell provide a voice exemplar to be compared with the intercepted calls.[1]

---

[1] The United States has not previously requested authorization to obtain a voice exemplar from Maxwell.

4. Compelling an indicted defendant to provide a voice exemplar does not infringe on that defendant's Constitutional protections. *United States v. Shaw*, 555 F.2d 1295, 1300 (5th Cir. 1977) ("the taking of a voice exemplar impinges upon no right protected by either the Fourth, Fifth or Sixth Amendments to the Constitution"); s*ee United States v. Dionisio*, 410 U.S. 1, 5 (1973); *United States v. Nix*, 465 F.2d 90, 93 (5th Cir. 1972); *see generally* U.S. CONST. amends. IV and V. In that regard, it is well settled that obtaining a voice exemplar "infringes no interest protected by the privilege against compulsory self-incrimination" under the Fifth Amendment. *Dionisio*, 410 U.S. at 5; *New York v. Quarles*, 467 U.S. 649, 670-71 (1984) (5th Amendment privilege not offended by "the compulsory taking of blood samples, fingerprints, or voice exemplars"). As long as the voice exemplar is used exclusively to "measure the physical properties" of a defendant's voice, and "not for the testimonial or communicative content of what was to be said" – no Fifth Amendment implications exist. *Dionisio*, 410 U.S. at 7. Likewise, a directive for a voice exemplar is not an "unreasonable seizure" under the Fourth Amendment. *Id*., 410 U.S. at 15; *Nix*, 465 F.2d at 93 ("'Handwriting and voice exemplars fall on the side of the line where no reasonable expectation of privacy exists'").

5. As a result, no constitutional bars exist to the FBI obtaining a voice exemplar from Maxwell.

WHEREFORE, the United States requests that the Court compel Maxwell to provide the FBI with a voice exemplar.

Dated:   April 3, 2015.

Respectfully submitted,

JOHN A. HORN
  *Acting United States Attorney*


/s/   JEFFREY W. DAVIS
  *Assistant United States Attorney*
Georgia Bar No. 426418

600 U.S. Courthouse ▪ 75 Spring Street SW
Atlanta, GA 30303 ▪ 404.581.6000

3

## CERTIFICATE OF SERVICE

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record for the defendant.

Dated:   April 3, 2015.

/s/   JEFFREY W. DAVIS
*Assistant United States Attorney*